**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JOSHUA D. JONES, JOEY PYCKE, | ) | |
| EDWARD PURCELL, | ) | |
| CHARLES R. IRONS, | ) | |
| RONDA THOMPSON, and | ) | **CLASS ACTION COMPLAINT** |
| KELLY SCHREIBER, | ) | |
| | ) | **FLSA COLLECTIVE ACTION** |
| Plaintiff | ) | **COMPLAINT UNDER** |
| | ) | **29 USC § 216(b)** |
| | ) | |
| vs. | ) | CASE NO. 1:11-cv-1431 JMS-DKL |
| | ) | |
| C & D TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant | ) | |

***PLAINTIFFS' FIRST AMENDED[1] CLASS ACTION AND COLLECTIVE ACTION***
***COMPLAINT FOR DAMAGES***

Come now the Plaintiffs, Joshua D. Jones (hereinafter "Jones"), Joey Pycke (hereinafter "Pycke"), Edward Purcell (hereinafter "Purcell"), Charles R. Irons (hereinafter "Irons"), Ronda Thompson (hereinafter "Thompson"), and Kelly Schreiber (hereinafter "Schreiber"), by counsel, and for their First Amended Complaint against the Defendant, C & D Technologies, Inc. (hereinafter "C & D"), allege and say:

### I.  FACTUAL ALLEGATIONS

1.      Jones is a resident of the State of Indiana, and is domiciled in Attica, Fountain County, Indiana.  Jones worked for C & D at its Attica, Indiana plant from 2001 until July 29, 2011, the date C & D terminated his employment.

2.      Schreiber is a resident of the State of Indiana, and is domiciled in Attica, Fountain

---

[1]Plaintiffs amend Joshua Jones' original October 28, 2011 Complaint for Damages this one time as a matter of course pursuant to FRCP 15(a).

County, Indiana.  Schreiber worked for C & D at its Attica, Indiana plant from approximately July 2008 until the time of her lay off in approximately February 2010.  Schreiber was not recalled to work.  Schreiber originally filed her Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act in Jones' original action on December 12, 2011.

3.      Pycke is a resident of the State of Indiana, and is domiciled in Otterbein, Indiana.  Pycke is a current employee of C & D, and has worked for C & D at its Attica, Indiana plant for some time.  Pycke originally filed his Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act in Jones' original action on January 9, 2012.

4.      Irons is a resident of the State of Indiana, and is domiciled in Stateline, Indiana.  Irons worked for C & D at its Attica, Indiana plant for a number of years until the time of his termination.  Irons was an employee of C & D within the last two years.  Irons originally filed his Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act in Jones' original action on December 19, 2011.

5.      Thompson is a resident of the State of Indiana, and is domiciled in Attica, Fountain County, Indiana.  Thompson worked for C & D at its Attica, Indiana plant for some time until the termination of her employment.  Thompson was an employee of C & D within the last two years.  Thompson originally filed her Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act in Jones' original action on December 19, 2011.

6.      Purcell is a resident of the State of Indiana, and is domiciled in Attica, Fountain County, Indiana.  Purcell worked for C & D at its Attica, Indiana plant for a number of years until

the time of his termination.  Purcell was an employee of C & D within the last two years.  Purcell originally filed his Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act in Jones' original action on December 27, 2011.

7.      C & D is a foreign corporation with its primary headquarters in Blue Bell, Pennsylvania.  C & D employed the Plaintiffs at its manufacturing facility in Attica, Indiana.

8.      At its Attica plant, C & D manufactures industrial batteries.  This manufacturing process requires C & D's employees to work with lead and other dangerous substances and materials.  Work with lead can expose the employees to harm.

9.      Because they work with lead, C & D's Attica, Indiana employees are required (by both C & D and government agencies) to spend significant periods of time each work shift engaging in safety procedures and medical testing.

10.      Each work day, Plaintiffs and all similarly situated C & D employees were required to do the following upon reporting to work:

   a.      Punch a yellow time card upon entry into the Attica, Indiana plant;

   b.       Walk to a separate locker room area;

   c.      Change from personal clothing into clothing provided by C & D (shirt, pants, safety footwear) and don necessary safety ear (e.g., glasses and respirators);

   d.      Walk to the employee's work area from the locker room;

   e.      Punch a white time card kept near the employee's work area;

   f.      Begin work.

11.      C & D did not compensate Plaintiffs or any other of C & D's similarly situated Attica, Indiana employees for their time worked from the initial yellow time card punch to the

initial white time card punch.

12.      At the end of each work shift, Plaintiffs and all similarly situated C & D employees were required to do the following before completing his/her work:

      a.      Punch out for the day on his/her white time card;

      b.      Walk back to the locker room area:

      c.      Take off work clothes and safety gear and return the work clothes to C & D;

      d.      Shower one or more times;

      e.      Change back into personal clothes;

      f.      Walk back to the original point of entry and punch out on his/her yellow time card.

13.      C & D did not pay the Plaintiffs and similarly situated employees for all actual work time from the time when the white time card is punched out/scheduled end of the shift until the time that the yellow time card is punched out.[2]

14.      Plaintiffs and all other similarly situated Attica, Indiana employees were required by C & D to regularly submit to medical testing, particularly testing for lead intoxication (levels of lead in the system).  Every C & D employee is required to be regularly tested.  Those employees with higher levels of lead intoxication are required to report for medical testing more frequently.  Some employees are tested every week. Usually the medical testing consists of blood draws and/or skin swabs taken by a C & D nurse or official at the plant after the employee's shift

---

[2]Because of the showering process, C & D has allowed employees to punch white time cards out a few minutes prior to the end of his/her scheduled shift.  When the employee punches out prior to the scheduled shift end, C & D pays the employee to the time of the scheduled end of that shift.  However, C & D is not paying employees for all of the time spent working from the white time card punch out or the scheduled end of the shift until the time the yellow time card is punched out.

has been completed and after the employee has punched out on his/her white time card. Employees are not paid for this required medical testing time. Some employees are required to travel to a medical facility in the town of Williamsport, Indiana to have blood draws performed. Those employees are not paid for their travel time or time spent on medical testing or treatment. The amount of time Plaintiffs and similarly situated employees have spent undergoing tests for lead levels is substantial. This time spent by employees in this lead level testing is required by C & D and government agencies and is certainly compensable work time.

15.     The amount of uncompensated work time spent by Plaintiffs and each similarly situated employee each shift was substantial. Based upon information and belief, Plaintiffs (and their similarly situated coworkers) were not compensated for amounts of work time averaging approximately thirty (30) minutes each shift. At the Attica, Indiana plant, Plaintiffs worked five (5) eight (8) hours shifts per week. This uncompensated work time is easily calculated by subtracting the hours of work paid by C & D based upon white time cards from the actual hours of work recorded on the yellow time cards. For the Plaintiffs, this uncompensated work time was actually uncompensated overtime work, which should have been paid at a rate of one and one-half times each employee's regular rate of pay.

16.     Particularly because C & D had its employees record their full time worked on yellow time cards, but chose to only pay employees for less than their full time worked, as recorded on white time cards, C & D knowingly and willingly failed and refused to pay Plaintiffs and its other hourly employees for all time worked.

17.     Plaintiffs have been harmed by C & D's uniform policy and practice of paying employees only based upon the lesser amount of time recorded on white time cards rather than pay employees for all actual time worked, as recorded on C & D's own yellow time cards. This

was a conscious policy decision made by C & D to pay its employees for less than all time worked.

18.     Specifically, C & D failed and refused to base its compensation of Plaintiffs and its other hourly-paid employees at its Attica, Indiana upon a "continuous work day."

19.     C & D intentionally and knowingly violated the Plaintiffs' rights to be paid earned wages and to be paid earned overtime compensation.

## II.  CLASS AND COLLECTIVE ACTION ALLEGATIONS

20.      Plaintiffs incorporate herein by reference paragraphs 1 - 19 above.

21.     Each Plaintiff is pursuing his/her claims individually, but this Complaint is brought also as a collective action and as a class action on behalf of other current and former C & D employees who work/worked at the Attica, Indiana plaint and who were denied payment of wages and overtime compensation under C & D's compensation scheme that required uncompensated pre- and post-shift work.

22.     This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b) on behalf of each of the Plaintiffs, and on behalf of all C & D Attica, Indiana current and former employees who were damaged by C & D's compensation system which required and resulted in off the clock work by hourly-paid C & D employees.  By virtue of the "collective action," each of the six named Plaintiffs represents the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstance.  The Plaintiffs anticipate that other C & D employees and former employees from the Attica, Indiana plan will opt in to the action.

23.     With respect to class action claims brought under the Indiana Wage Payment Act, Pycke serves as the Plaintiff class representative.  This Court has supplemental jurisdiction over

Pycke's Indiana statutory wage claim.  This action is filed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Pycke and on behalf of all eligible[3] C & D Attica, Indiana current and former employees who were damaged by C & D's compensation system which required and resulted in off the clock work by hourly-paid employees.  By virtue of the class action, Pycke represents the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstances.

24.     The number of C & D Attica, Indiana current and former employees who will be members of this collective action/class action is so great (numerosity) that joinder of all members is impractical.  Instead, the Plaintiffs will pursue discovery to obtain the names of the other current and former C & D employees, to provide notice of the collective action, and to offer the opt in opportunity, and to provide notice of the class action and to offer the opt out opportunity.

25.     Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group/class.

26.     Plaintiffs' claims are typical of the claims of the whole collective group of current and former C & D Attica, Indiana hourly-paid employees harmed by C & D's illegal wage practices.  Pycke's claims are typical of the claims of the whole class of current and former C & D Attica, Indiana hourly-paid employees harmed by C & D's illegal wage practices.

27.     Plaintiffs will act to fairly and adequately protect the interests of the entire collective group of current and former C & D Attica, Indiana employees.  Pycke will act to fairly

---

[3]As the FRCP 23 class would be formed, Pycke and all current C & D employees working in Attica, Indiana would be members, along with any former C & D employees from the Attica plant who voluntarily left employment with the company.  This class formed under the Indiana Wage Payment Act, I.C. 22-2-5, would not include former employees of C & D who were involuntarily terminated from employment.  Those employees may have similar claims under the Indiana Wage Claims Act, I.C. 22–2–9, but current Indiana law would not permit those individuals to pursue claims in this same class action format.

and adequately protect the interests of the entire class of current and former C & D Attica, Indiana employees.

28.     A "combined"[4] collective action/class action is superior to other available means for the fair and efficient prosecution of these wage claims against C & D.  For example, to prove C & D's illegal wage practices, Plaintiffs and other members of this collective group/class would seek in discovery records about all similarly situated current and former C & D Attica, Indiana employees who were similarly denied earned wages and overtime compensation under C & D's compensation system which required and resulted in off the clock work by hourly-paid employees.  Individual lawsuits by the members of the collective group/class could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds.  Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

29.     A determination regarding the "similarness" of those able to participate in the collective action/class action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages.  Particularly with the type of FLSA and Indiana statutory wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA and Indiana law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

30.     A combined collective action/class action will result in an orderly and expeditious administration of the group members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

---

[4]See *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 973-974 (7th Cir. 2011)

31.     Because C & D's compensation system which required and resulted in off the clock work by hourly-paid employees results in wage violations that trigger issues of both federal and state law, this cause of action presents the ideal factual scenario supporting the Court's exercise over the supplemental state law claims, as common state and federal law issues predominate.

### III.  JURISDICTION AND VENUE

32.      This Court has jurisdiction over the Plaintiffs' FLSA claims under 28 USC § 1331 as those FLSA claims raise a question of federal law.  See 29 USC § 201 et seq.   The Court has supplemental jurisdiction over Pycke's Indiana law claims, which have a common basis in fact with his own and the other Plaintiffs' FLSA claims.

33.     This Court is the appropriate venue for this cause of action as Jones and Schreiber reside and worked for C & D in Attica, Fountain County, Indiana, and most of the illegal activity took place in the Southern District of Indiana.  28 USC § 1367.

### IV.  STATEMENT OF CLAIMS

### A.  FAIR LABOR STANDARDS ACT CLAIMS

34.     Plaintiffs incorporate herein by reference paragraphs 1 through 33 above.

35.     C & D is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA..  C & D is an "employer," as that term is defined by the FLSA.

36.     C & D has violated each Plaintiffs' and the Plaintiff Class's rights to be properly paid minimum wages and overtime wages in a manner required by the FLSA.

37.     C & D has repeatedly violated the FLSA's overtime provisions by not paying Plaintiffs and members of the Plaintiff Class at the required overtime compensation rate for all

hours worked over 40 in a work week.

38.    C & D has repeatedly violated the FLSA's minimum wage provisions by not paying Plaintiffs and members of the Plaintiff Class for all compensable work time and at the required minimum wage rate.

39.    C & D's failure to comply with the FLSA's provisions regarding minimum wages and overtime compensation is willful and without justification, and subjects C & D to a three year statute of limitations.

40.    Plaintiffs and the Plaintiff Class seek all available damages, including unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for C & D's violations of their rights under the Fair Labor Standards Act.

### B.  Indiana Wage Payment Act Claims

41.    Pycke incorporates herein by reference paragraphs 1 through 33 above.

42.    Pycke is the named Plaintiff whose Indiana statutory wage claim arises under the Indiana Wage Payment Act, I.C. 22-2-5 and the Plaintiff who represents the same or similar interests of all current C & D Attica, Indiana hourly-paid employees and all C & D Attica, Indiana former hourly-paid employees who voluntarily resigned from employment.

43.     By way of this Claim, Pycke is seeking, individually and on behalf of members of the Plaintiff Class of current and former C & D employees, all available damages, including all unpaid wages, all available liquidated, punitive and/or treble damages, all attorney's fees, costs and expenses, plus any other damage to which Pycke and fellow Plaintiff Class members may be entitled pursuant to law.  Pursuant to I.C. 22-2-5-2, Pycke is seeking, individually and on behalf of members of the Plaintiff Class, payment of unpaid wages, plus all available damages,

including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintifffs respectfully request that the Court enter judgment against C & D and issue all available relief to each of them and to all eligible members of the Plaintiff Class, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All unpaid wages;

3. All statutory damages under I.C. 22-2-5-2, including, but not limited to, all treble damages, costs, and statutorily authorized damages;

4. All reasonable attorney's fees and expenses;

5. Costs;

6. An injunction effective to prevent C & D from continuing its unlawful wage practices which violate the Indiana Wage Payment Act, including all policies/practices which result in C & D's failure to pay to its employees earned wages for compensable work; and

7. Prejudgment interest, if available; and

8. Any and all other relief just and proper in the premises.

Respectfully submitted,

HUNT, HASSLER & LORENZ LLP


By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@huntlawfirm.net


### *CERTIFICATE OF SERVICE*

I certify that on January 13, 2012, a copy of the foregoing pleading was filed

electronically.  Notice of this filing will be sent to the following parties by operation of the

Court's electronic filing system.  Parties may access this filing through the Court's system.

Martha M. Lemert
FAEGRE BAKER DANIELS LLP
111 E. Wayne Street, Suite 800
Fort Wayne, IN 46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
Email: martha.lemert@faegrebd.com

Tareen Zafrullah
BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Phone: (317) 237-0300
Fax: (317) 237-1000
E-mail: tareen.zafrullah@bakerd.com

HUNT, HASSLER & LORENZ LLP


By   /s/Robert P. Kondras, Jr.
Robert Kondras, Jr.
Attorney No.18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Fax: (812) 234-2881
kondras@huntlawfirm.net