UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSHUA D. JONES, *et al.*, | ) | |
|     *Plaintiffs*, | ) | |
| | ) | |
|     *vs.* | ) | 1:11-cv-01431-JMS-DKL |
| | ) | |
| C & D TECHNOLOGIES, INC., | ) | |
|     *Defendant*. | ) | |

## ORDER

Presently before the Court in this wage-and-hour dispute is Defendant C & D Technologies, Inc.'s ("C & D") partial motion to dismiss Plaintiff's Amended Complaint. [Dkt. 29.]

### I. BACKGROUND

According to the Amended Complaint, hourly workers at C & D have not been properly paid for all hours that they have worked making industrial batteries, in two respects. First, they are not paid for the time that they spend donning and doffing their protective work clothes, showering, and walking to/from their workstations. [Dkt. 24 ¶¶ 10-11.] Second, given the toxic materials with which they work, C & D requires workers to undergo frequent medical testing, testing which the Plaintiffs say occurred off the clock. [*Id.* ¶ 14.]

The Plaintiffs have asserted two causes of action: failure to pay minimum wage / overtime for the uncompensated work activities, as required under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; and a violation of Indiana's Wage Payment Act, Ind. Code § 22-2-5-0.3 *et seq.*

C & D has moved to dismiss only the claim under the Wage Payment Act. Although neither referenced in nor attached to the Complaint, C & D argues that the Plaintiffs' collective bargaining agreement ("CBA") covers the activities that are the subject of this action. [*See* dkt. 30-1.] In its Answer, C & D has raised as a defense that § 301 of the Labor-Management Relations

Act ("LMRA"), 29 U.S.C. § 185, preempts any claim under the Wage Payment Act here. [Dkt. 28 ¶ 13.]

## II. DISCUSSION

Before the Court can turn to the merits of the motion, the Court must first resolve two procedural issues

### A. Procedural Issues

Although styled as a motion to dismiss for failure to state a claim upon which relief can be granted, C & D's motion, which was filed after its Answer, is more accurately termed a motion for judgment on the pleadings. *Compare* Fed. R. Civ. Pro. 12(b) (listing defenses that may be made by motion "before pleading"), *with id.* 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). But because motions for judgment on the pleadings can test the sufficiency of the complaint, Fed. R. Civ. Pro. 12(h)(2)(B), and do so under the same standards as on a motion to dismiss, *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 619 (7th Cir. 2007) (citation omitted), calling C & D's motion a motion for judgment on the pleadings does not alter the analysis.

To survive a motion for judgment on the pleadings directed to the sufficiency of the complaint, a plaintiff must do two things: the plaintiff "must provide … enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quotation omitted). In deciding whether the plaintiff has accomplished those tasks, the Court assumes the truth of the non-conclusory allegations in the complaint and gives the plaintiff the benefit of the inferences from the allegations. *Id.* at 1081 (citations omitted).

Ordinarily the Court may not consider materials not attached to nor referenced in the complaint. *See* Fed. R. Civ. Pro. 12(d). An exception exists, however, when a complaint "rests on a contract or other document that is not attached to the complaint," *Minch v. City of Chicago*, 486 F.3d 294, 300 (7th Cir. 2007) (citation omitted), and no discovery is needed "to authenticate or disambiguate" the omitted contract or document, *Tierney v. Vahle*, 304 F.3d 734, 739 (7th Cir. 2002).

As explained in detail later, C & D claims that the CBA covers the activities that are the subject of the claim under the Wage Payment Act and, consequently, that federal law preempts the state-law claim. *See Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1180 (7th Cir. 1993) ("[I]f the plaintiff's claim, ostensibly based on state law, cannot be adjudicated without interpretation of the collective bargaining agreement, the claim turns into a federal claim that the agreement itself has been violated."). Although the Plaintiffs object that they did not attach or reference the CBA and thus it should fall outside the record for the present motion, the crux of C & D's argument is that the claim "rests on [the] contract," *Minch*, 486 F.3d at 300 (citation omitted)—otherwise no preemption could exist. If the Plaintiffs are correct on the procedural argument, they are correct on the merits, and vice versa. Because the Plaintiffs do not challenge its authenticity or claim to need any discovery to interpret the CBA, and because the procedural propriety of considering the CBA is intertwined with the merits, the Court will consider the CBA now rather than requiring the filing of a motion for summary judgment, consistent with efficiency goals of the Federal Rules. *See* Fed. R. Civ. Pro. 1 ("These rules … should be construed and

administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").[1]

## B. The Merits

When Congress enacted the LMRA, it intended to completely occupy the field of legislation regarding contracts between employers and unions. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987) (citations omitted). "Section 301 [of the LMRA] preempts claims directly founded on or substantially dependent on analysis of a collective-bargaining agreement." *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 498 (7th Cir. 1996) (quotation omitted). Preemption applies regardless as to whether the terms at issue are express or implied. *Id.* at 499 (citation omitted).

"Although the preemptive effect of § 301 is broad, preemption does not occur in every situation where a collective bargaining agreement comes into play…. [Section] 301 says nothing about the substantive rights a state may provide to its workers when adjudication of those rights does not involve the interpretation of a collective bargaining agreement." *Id.* (citations omitted).

In its motion, C & D argues that § 301 preempts Indiana's Wage Payment Act as applied to the facts alleged in the Amended Complaint. That Act requires employers to pay wages to Indiana employees within ten business days after the employees earn them. Ind. Code § 22-2-5-1. According to C & D, because the CBA establishes when donning, doffing, and medical examination time is compensable; establishes when work will be paid at straight-rate, time-and-a-half, double time, or triple time; and establishes the workweek triggering the wage-payment deadline, [*see* dkt. 30-1 at Articles 4, 18], it is impossible to consider whether C & D violated the Wage

---

[1] In the future, to avoid such procedural hurdles, the Court encourages defense counsel to file a motion for summary judgment in the first instance when referencing materials outside the four corners of the pleadings.

Payment Act without first deciding whether C & D breached the CBA. And, consequently, C & D says that preemption must apply here.

Although the Plaintiffs raise five broad arguments in response, those arguments fail to carry the day.

### 1. *Presumption Against Preemption in Areas of Traditional State Concern*

The Plaintiffs first draw upon the body of law holding that, in light of federalism concerns, states retain the right to legislate in areas of traditional state concern unless and until a defendant can prove that Congress intended to preempt the field. *See, e.g.*, *Village of DePue v. Exxon Mobil Corp.*, 537 F.3d 775, 786 (7th Cir. 2008) (explaining that preemption is an affirmative defense).

While that argument may be correct as far as it goes, the Seventh Circuit has already specifically considered the preemptive force of the LMRA to claims under Indiana's Wage Payment Act. In *Atchley*, the Seventh Circuit held that because a union's collective bargaining agreement promised the payment of bonuses following its ratification, the LMRA preempted any claims under Indiana's Wage Payment Act when the bonuses were not paid as required. 101 F.3d at 500-01. The Seventh Circuit rejected the argument, advanced here, that preemption could not be determined on the pleadings given the "complete preemption" that applies to the LMRA, and it made no difference that the provisions of the Wage Payment Act are non-negotiable, a distinction that Plaintiffs also seek to draw here. *Id.* The Court will, therefore, continue to consider whether preemption should occur here.

### 2. *Waiver of Claims of Breach of CBA*

Next the Plaintiffs argue that, as masters of their complaint, they have deliberately chosen to avoid making any claims under their CBA, and that the law must respect their choice. *See,*

*e.g.*, *Chavez v. Don Stoltzner Mason Contr., Inc.*, 2010 U.S. Dist. LEXIS 33289, *8 (N.D. Ill. 2010) ("[S]tate-created labor rights may exist independent of a governing CBA, and a plaintiff may choose to enforce solely those independent state-created rights and forego enforcement of CBA-created rights."). Indeed, the Plaintiffs' brief states that they "are not claiming that C & D breached any provision of its collective bargaining agreement." [Dkt. 52 at 6.] Thus they argue that preemption should not apply.

Many cases in this Circuit, on facts quite similar to those here, have held that where a court must consult a collective bargaining agreement to determine whether the employer owed wages in the first instance before deciding whether they were timely paid, preemption of state law applies. *See Carter v. Tyson Foods, Inc.*, 2009 U.S. Dist. LEXIS 116275, *16 & n.1 (N.D. Ind. 2009) (collecting cases). For example, *Carter* considered a collective bargaining agreement in the context of donning and doffing claims and various other allegedly non-compensated work activities. *Id.* at *3-6. Because the collective bargaining agreement described whether and when such activities would be compensable, and specified when straight time versus premium time would be paid, the Court held that the LMRA preempted any claim under the Wage Payment Act. *Id.* at *21-23.[2]

Here the Court likewise finds it impossible to evaluate the merits of the Plaintiffs' Wage Payment Act claims without first consulting the CBA. The CBA purports to contain provisions covering whether and how much the Plaintiffs were to be paid for the activities at issue in this action, found in Articles 4 and 18. The Plaintiffs make no claim that the Wage Payment Act in-

---

[2] As the Plaintiffs correctly point out, the *Carter* plaintiffs included a breach-of-contract claim among their causes of action. While the Plaintiffs seek to distinguish *Carter* on that basis, that attempt is unavailing. If the Indiana Wage Payment Act requirements were as independent as the Plaintiffs claim, they would have survived. But the court there rejected that argument, and so does this one.

dependently establishes the amount of compensation that they were entitled to receive, unlike other state statutes that impose obligations not subject to preemption, *see Mitchell v. JCG Indus.*, 842 F. Supp. 2d 1080, 1086 (N.D. Ill. 2012) (holding no preemption as to claims under Illinois' Minimum Wage Law because that law independently specified when employees are entitled to be paid at time-and-a-half). Accordingly, the fact that the Plaintiffs have chosen not to assert a violation of the CBA does not preclude preemption.

### 3. *Derivative Nature of Wage Payment Act Claims to FLSA Claims*

The Plaintiffs argue that, contrary to C & D's position, their claims are derivative of the requirements of the FLSA, not of the CBA. The FLSA mandates that employees be paid either a minimum wage or, depending on hours worked, overtime for their work. *See* 29 U.S.C. §§ 206-07. Thus the Plaintiffs argue that interpreting the CBA will not be required to analyze their claims.

As it turns out, however, analysis of the CBA is necessary to adjudicate their FLSA claims. The FLSA permits collective bargaining agreements to determine whether donning and doffing will be compensatory time. 29 U.S.C. § 203(o). Likewise, no FLSA liability attaches when employees covered by collective bargaining agreements perform otherwise compensable work after their shifts. 29 U.S.C. § 254(c) ("[A]n activity shall be considered as compensable under [a collective barging agreement] … or … custom or practice only when it is engaged in during the portion of the day with respect to which it is so made compensable").

CBA Articles 4 and 18 contain agreements about the compensability of the activities here. Deciding the extent to which those Articles satisfy the requirements of the FLSA will require interpretations of the CBA, thus making preemption required of state-law causes of action like Indiana's Wage Payment Act.

### 4. *Futility of CBA Grievance Procedures*

Plaintiffs argue that it would be unfair to find preemption as to their claims under the Wage Payment Act because, as they read the CBA, those claims could not be grieved and/or arbitrated, effectively leaving them without a remedy. But that argument is quickly disposed of. By successfully arguing that the Wage Payment Act claims fell within the CBA, C & D necessarily argued that they are covered by the grievance procedures. Indeed, it has explicitly stated that "Plaintiffs' Indiana Wage Payment Act claims are grievable under the CBA." [Dkt. 61 at 8.] C & D obviously will not be heard to contend otherwise during any grievances of such claims. *See, e.g.*, *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." (quotation omitted)).

### 5. *Policy Argument*

In their last attempt against preemption, the Plaintiffs argue that applying preemption here would undermine the policy purposes behind § 301: creating uniform and predicable law governing collective bargaining agreements, *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). Thus the Plaintiffs note that preemption does not apply to the FLSA, which provides individual protections to workers and argue that the nonwaiveable provisions of the Indiana Wage Payment Act should likewise not be preempted. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740-41 (1981) ("[C]ongressionally granted FLSA rights take precedence over conflicting provisions in a collectively bargained compensation arrangement." (citations omitted)).

In our judicial hierarchy, this Court's task is to apply the precedents handed down by its supervisory courts. The Seventh Circuit has already decided, after considering all appropriate policy arguments, that preemption applies when the Court's review of a state-law right requires analysis of a collective bargaining agreement. *Atchley*, 101 F.3d at 498. Because the Seventh Circuit has rejected the Plaintiffs' arguments, so too must this Court. And insofar as the Plaintiffs note that preemption does not apply to the FLSA, this Court agrees with *Carter*, which held that such a result is impermissible in light of *Atchley* (and in any event overlooks that preemption of state law involves creating a uniform body of federal law, which can be drawn from multiple federal statutes), 2009 U.S. Dist. LEXIS 116275 at *25 (noting that the plaintiffs could not find any Seventh Circuit authority for the proposition).

### III. CONCLUSION

C & D's partial motion to dismiss Plaintiff's Amended Complaint, [dkt. 29], is **GRANTED**. Any claim that the Plaintiffs may have had under Indiana's Wage Payment Act, in Count "B", is preempted. Plaintiffs' claim under the FLSA remains unaffected.

08/28/2012

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**