UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA D. JONES, JOEY PYCKE, <br> EDWARD PURCELL, <br> CHARLES R. IRONS, <br> RONDA THOMPSON, <br> KELLY SCHREIBER, et al. <br><br> Plaintiffs <br><br> vs. <br><br> C & D TECHNOLOGIES, INC., <br><br> Defendant | FLSA COLLECTIVE ACTION <br> COMPLAINT UNDER <br> 29 USC § 216(b) <br><br> CASE NO. 1:11-cv-1431 JMS-DKL |

**DEFENDANT'S SUR-REPLY TO PLAINTIFF'S REPLY BRIEF**

**I.    Introduction**

Plaintiffs' Reply (Docket No. 266) mischaracterizes the deposition testimony and Defendant's Brief (Docket No. 263). Although Plaintiffs would have liked for C&D to have made several certain damaging admissions, C&D did no such thing. Contrary to Plaintiffs' assertions, C&D never admitted it treated meal breaks as hours worked, never admitted there is no special condition that would allow treating a meal break of less than 30 minutes' duration as a bona fide meal period, never admitted it owes significant amounts of money to Plaintiffs, and never admitted the video footage has no bearing on the time period covered by the lawsuit. As explained below, the other arguments in Plaintiffs' Reply (Docket No. 266) are also incorrect. For all the reasons in this Reply and in C&D's initial brief, C&D respectfully requests that the Court grant C&D's Second Motion for Partial Summary Judgment and deny Plaintiffs' Second Motion for Partial Summary Judgment.

## II. Argument

### A. Plaintiffs' Meal Breaks Do Not Constitute Compensable Hours Worked Under The FLSA

#### 1. C&D Never Admitted It Treated Meal Breaks As Compensable Hours Worked

Plaintiffs contend C&D admitted it treated meal breaks as hours worked, citing pages 7-20 and 40-42 of the deposition transcript of C&D's Rule 30(b)(6) deponent Jason Young, pages 49-59 of Michelle Davis' deposition transcript, and page 17 of Defendant's Brief (Docket No. 263). However, these pages do not contain any admissions that C&D treated meal breaks as hours worked. The following are pertinent excerpts from Mr. Young's deposition:

```
17    Q      Okay. And as you speak on behalf of the company,
18           does the company have any history or any record that
19           would show that it ever treated during the period of
20           time that covered by the lawsuit, which is January 31
21           of '09 to February 1 of 2013, any record that it ever
22           treated paid lunchtime as nonhours worked for purposes
23           of calculating a regular rate for purposes of then
24           calculating an overtime rate of pay?
25    A      Not that I'm aware of.
```

Deposition of Jason Young ("Young Dep.") 18:17-25 (Docket No. 262-13).

```
17    Q      Day by day. Okay. And if you'll please bear with
18           me, these depositions can seem a little bit stilted
19           sometimes. But as far as this regulation, if the
20           company were going to treat lunch breaks as being paid,
21           but not work hours for purposes of this calculation, it
22           would have to keep track of whether employees received
23           a paid lunch break or not; correct?
24              MS. LEMERT: Objection. Calls for a legal
25           conclusion.
```

Young Dep. 19:17-25 (Docket No. 262-13).

Such testimony is a far cry from an admission that C&D treated meal breaks as hours worked. Similarly, pages 49-59 of Ms. Davis' deposition transcript generally discuss the rate at which C&D paid for meal breaks but do not contain any admissions that C&D treated meal

breaks as hours worked. Likewise, page 17 of Defendant's Brief (Docket No. 263) states payments for meal breaks should be included in the regular rate, but does not state C&D treated meal breaks as hours worked.

Plaintiffs also allege C&D admitted there is no special condition that would allow treating a meal break of less than 30 minutes' duration as a bona fide meal period, citing page 24 of Mr. Young's deposition transcript. Plaintiffs are incorrect as C&D's counsel objected to the question because it called for a legal conclusion. Young Dep. 24:2-12 (Docket No. 262-13). *See also* Defendant's Brief (Docket No. 263, page 11 & n.4). Plaintiffs' Reply (Docket No. 266) mischaracterizes the evidence.[1]

### 2. Plaintiffs Completely Fail To Address C&D's Argument Regarding 29 C.F.R. § 778.320

On pages 13-17 of Defendant's Brief (Docket No. 263), C&D spent approximately five pages explaining why 29 C.F.R. § 778.320 does not mean that Plaintiffs' meal breaks constitute compensable hours worked. Plaintiffs' Reply (Docket No. 266) is wholly devoid of any response to this argument, which is telling.

---

[1] On page 32 of Plaintiffs' Reply (Docket No. 266), Plaintiffs contend that, on pages 23-24 of Defendant's Memorandum in support of its First Motion for Partial Summary Judgment (Docket No. 95), C&D misrepresented that it used white time cards to measure employees' time and added 15 more paid minutes. However, C&D filed that Memorandum (Docket No. 95) before the parties had conducted extensive discovery. Further, subsequent analysis of the white time cards consistently show clock out times 10 minutes before the end of the shift. (Docket No. 263 pp. 20-22.) As the parties had stipulated, C&D paid for the activities in question if they occurred within the 5 and 10 minute periods afforded employees at the beginning and end of the shift but did not pay for them if they occurred outside the 5 and 10 minute periods. (Docket No. 78, Stipulation No. 12.) As a separate matter, on pages 13-15 of Plaintiffs' Reply (Docket No. 266), Plaintiffs point out that C&D did not specifically dispute Plaintiffs' alleged material facts. However, C&D identified several facts that entitle C&D to partial summary judgment and do not entitle Plaintiffs to partial summary judgment. (Defendant's Brief, pages 3-9 (Docket No. 263).)

### 3. There Was No Agreement To Treat Meal Breaks As Hours Worked

Plaintiffs erroneously allege there was an agreement to treat meal breaks as hours worked. Plaintiffs fail to present an affidavit from a union representative or any other evidence to show there was an agreement to treat meal breaks as hours worked. In contrast, C&D presented an affidavit and deposition testimony from C&D representatives explaining that C&D unilaterally changed meal breaks under the management rights clause of the collective bargaining agreement, in response to concerns from the EPA. Affidavit of Bruce Donovan ("Donovan Aff.") ¶¶ 5, 6 (Docket No. 262-2); Young Dep. 13:13-14:5 (Docket No. 262-13). Unilateral action does not constitute an agreement. Even assuming there was an agreement (which there was not), the agreement was as to other points, not as to whether the meal breaks constituted hours worked, as the change consisted of decreasing the meal break time from 30 minutes to 20 minutes, changing the break from unpaid to paid, and no longer allowing employees to leave the facility during meal breaks. Donovan Aff. ¶¶ 5, 6 (Docket No. 262-2).

Nor does custom or practice in this case establish that the parties agreed to treat the meal break as hours worked. Certainly there was a custom of paying for the break. There was also a custom of including the pay for the meal break in the regular rate. But as already established in the review of the regulations (*see* 29 C.F.R. §§ 778.216-778.224 and 778.320 and Defendant's Brief (Docket No. 263), pages 13-17), these actions do not equate to an understanding or agreement with respect to whether the meal break is working time. These regulations establish that the default practice is to include the pay received for meal breaks into the regular rate for overtime calculation purposes. Further, the mere payment for the meal break does not transmute

it into working time. The critical test is whether employees are required or expected to perform any work during that time. As the record establishes this is not the case.[2]

### 4. Dr. Schneider's Best Case Calculation Is Not Actually C&D's Best Case

Plaintiffs contend C&D has admitted it owes significant amounts of money to Plaintiffs due to Dr. Schneider's best case calculation. However, Dr. Schneider's lowest damage calculation is not actually C&D's best case because Dr. Schneider's lowest damage calculation *excluded* payments for meal breaks from the regular rate. (Docket 266-1, Dr. Schneider deposition p. 34: 17-19; Exhibit 7, Report of Dr. Schneider, Appendix A1.) As explained on pages 13-17 of Defendant's Brief (Docket No. 263), payments for meal breaks should be included in the regular rate and, if payments for meal breaks are included in the regular rate and the meal breaks are deemed non-working time, then it is doubtful that any damages would be owed to Plaintiffs. If the Court issues a legal ruling that payments for meal breaks should be included in the regular rate and that the meal breaks are deemed non-working time, then Dr. Schneider could perform calculations consistent with such a ruling, which would likely show that no damages are owed to Plaintiffs.

### 5. Plaintiffs Received Meal Breaks

On page 6 of Plaintiffs' Reply (Docket No. 266), Plaintiffs point out that some Plaintiffs testified they did not eat meals during their meal breaks but instead used the time to smoke or

---

[2] While a few deposed Plaintiffs – particularly incentive paid employees – indicated that there were occasions where they would work through their meal break, they admitted that they did not submit for payment for this to supervision or payroll, did not write it down on their white time card and never submitted any grievance for such days. Deposition of Andrew Geyer (Docket No. 262-11) ("Geyer Dep.") 22:12-23; 24:2-9; Deposition of Phyllis Hill (Docket No. 262-14) ("Hill Dep.") 29:16-23. *See* Kellar v. Summit Seating Inc., 664 F.3d 169 (7th Cir. 2011) ("To state a claim under the FLSA, Kellar must show that Summit had actual or constructive knowledge of her overtime work. . . . [T]he FLSA stops short of requiring the employer to pay for work it did not know about, and had no reason to know about.").

5

rest. However, this does not mean Plaintiffs did not receive meal breaks. As the video footage shows, Plaintiffs were completely relieved of duties and had the opportunity to eat meals if they chose to do so. Donovan Aff. ¶ 8 (Docket No. 262-2); Ex. B (Docket No. 262-4); Deposition of Samuel Gritten ("Gritten Dep.") 22:13-24; 24:4-26:17; Ex. 7 (Docket No. 262-6); Deposition of Mark Taylor ("Taylor Dep.") 12:25-13:8; 14:12-15:1; 16:7-20:8; Ex. 3; Ex. 4 (Docket No. 262-8). The fact that C&D did not act as Big Brother by forcing every single employee to eat a meal during every single meal break does not mean that Plaintiffs did not receive meal breaks.

On pages 6-7 of Plaintiffs' Reply (Docket No. 266), Plaintiffs erroneously contend C&D has not designated a single Plaintiff from the video footage who enjoyed a bona fide meal period. On page 4 of Defendant's Brief (Docket No. 263), C&D cited the deposition testimony of Plaintiffs Samuel Gritten and Mark Taylor, both of whom testified that the video footage showed them enjoying sufficient, uninterrupted time to eat regular meals. Gritten Dep. 22:13-24; 24:4-26:17; Ex. 7 (Docket No. 262-6); Taylor Dep. 12:25-13:8; 14:12-15:1; 16:7-20:8; Ex. 3; Ex. 4 (Docket No. 262-8).

On pages 5-6 of Plaintiffs' Reply (Docket No. 266), Plaintiffs contend C&D admitted it has no records to indicate whether any particular Plaintiff on any particular day received a lunch break, citing the deposition testimony of C&D's Rule 30(b)(6) deponent. Plaintiffs are incorrect because the Rule 30(b)(6) deposition was limited to the time period from January 31, 2009, to February 1, 2013, whereas C&D's video surveillance was conducted after that time period. (Subpoena for Attendance of Witness and Subpoena Duces Tecum, page 3 (Docket No. 262-18).)

On page 6 of Plaintiffs' Reply (Docket No. 266), Plaintiffs incorrectly allege C&D admits the video footage has no bearing on the time period covered by the lawsuit. As explained

6

on page 4 of Defendant's Brief (Docket No. 263), although the video surveillance was conducted after the time period relevant to this lawsuit, the meal breaks were the same during both the time period relevant to this lawsuit and the time period the video surveillance was conducted. Donovan Aff. ¶ 9 (Docket No. 262-2); Gritten Dep. 19:14-19 (Docket No. 262-6); Deposition of Ramon Robbins ("Robbins Dep.") 17:5-8 (Docket No. 262-7); Taylor Dep. 14:2-11 (Docket No. 262-8); Deposition of Rickie Winchester ("Winchester Dep.") 13:4-11 (Docket No. 262-9). Thus, the video footage is relevant to the time period covered by the lawsuit.

### B. Liquidated Damages And The Three Year Statute Of Limitations Are Inappropriate

On pages 23-27 of Defendant's Brief (Docket No. 263), C&D explained why liquidated damages and the three year statute of limitations are inappropriate, due to the collective bargaining agreement and Congressional intent in passing Sections 203(o) and 254. Plaintiffs' Reply (Docket No. 266) fails to respond to these arguments. Plaintiffs emphasize that C&D kept timecards but did not compensate employees based on the timecards. However, C&D had good faith reasons for not compensating employees based on the timecards; namely, the collective bargaining agreement and Sections 203(o) and 254. (Defendant's Brief, pages 13-17 (Docket No. 263).)

### C. As A Matter Of Law, C&D Is Entitled To Offsets For Premium Payments

On pages 16-17 of Plaintiffs' Reply (Docket No. 266), Plaintiffs point out that C&D has not designated payroll records for any Plaintiff on a workweek by workweek basis and, therefore, the Court cannot calculate premium pay offsets at this time. However, at this stage, C&D is not seeking a ruling from the Court with respect to damages. Instead, C&D is seeking a legal ruling holding that C&D is entitled to offsets for premium payments as a matter of law.

7

Significantly, Plaintiffs concede C&D is entitled to offsets for premium payments. (Plaintiffs' Brief, pages 3, 34 (Docket No. 261); Plaintiffs' Reply, page 16 (Docket No. 266).)

### D. As A Matter Of Law, Plaintiffs Are Not Entitled To Recovery For Gap Time

Plaintiffs allege they are entitled to overtime compensation for any time worked over eight hours per day because that is what the collective bargaining agreement states. C&D is seeking a legal ruling to the effect that, under the federal Fair Labor Standards Act ("FLSA"), there is no recovery for such, because the FLSA only requires overtime compensation for time worked over 40 hours per workweek. *See* 29 U.S.C. § 207(a)(1). At this stage, C&D need not burden the Court with each Plaintiff's workweek by workweek payroll records to establish the workweeks in which they worked less than 40 hours in order for the Court to rule, as a matter of law, that recovery for gap time is not authorized under the FLSA. *See* Defendant's Brief (Docket No. 18), page 18. As Dr. Schneider's report notes, the only time under the FLSA compensation is due for work performed of less than 40 hours per week is when there is a minimum wage violation. Dr. Schneider noted that this is not the case with C&D's hourly production workers as they all make far greater than the minimum wage of $7.25/hour. See Dr. Schneider's report Pages 6:26-7:5 (citing 29 CFR 778.101) (Docket No. 266-1).

### E. The Aggregate Of All Time Spent After The Paid Meal Time, Gap Time, And Offsets Are Taken Into Account Is *De Minimis*

Plaintiffs contend that, in determining whether certain activities are *de minimis*, the Court should consider all the activities in the aggregate instead of each activity individually. However, as explained on pages 19-22 of Defendant's Brief (Docket No. 263), even if you add up all the time spent performing such activities, it is doubtful that Plaintiffs have any damages, after the paid meal breaks, gap time, and premium pay offsets are subtracted.

8

### F. Dr. Radwin's Testimony And Report Are Not Flawed

On page 8 of Plaintiffs' Reply (Docket No. 266), Plaintiffs erroneously allege Dr. Radwin did not observe a single Plaintiff in the Ending Boundary Activities at issue in this litigation. To the contrary, Dr. Radwin observed employees at the end of a shift. Deposition of Robert Radwin ("Radwin Dep.") 19:21-20:1; 28:2-22, (Docket Nos. 262-12 and 266-13).

On pages 9 and 37 of Plaintiffs' Reply (Docket No. 266), Plaintiffs emphasize Dr. Radwin did not include measurements of time for vacuuming or washing up at sinks. However, Dr. Radwin was unable to measure vacuuming and washing up at sinks because no employees performed vacuuming or washing up at sinks while he observed them. Radwin Dep. 9:19-10:4; 10:12-18; 11:9-14; 18:11-14; 19:21-20:1; 28:2-22, (Docket Nos. 262-12 and 266-13).

## III. Conclusion

For all the reasons in this Reply and in C&D's initial brief, C&D respectfully requests that the Court grant C&D's Second Motion for Partial Summary Judgment and deny Plaintiffs' Second Motion for Partial Summary Judgment.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

s/*Martha M. Lemert*
Martha M. Lemert (#20961-02)
111 E. Wayne Street, Suite 800
Fort Wayne, IN  46802
Telephone: (260) 424-8000
Facsimile:  (260) 460-1700
Email:  martha.lemert@faegrebd.com

Tareen Zafrullah (#25892-49)
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Phone:  (317) 237-0300
Fax:      (317) 237-1000
E-mail:  tareen.zafrullah@faegrebd.com

ATTORNEYS FOR DEFENDANT
C&D TECHNOLOGIES, INC.

10

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 18, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

  Robert Peter Kondras, Jr.
  Caitlin M. Miller
  Hunt Hassler & Lorenz LLP
  100 Cherry Street
  Terre Haute, IN  47807

            s/*Martha M. Lemert*