UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA D. JONES, JOEY PYCKE, EDWARD PURCELL, CHARLES R. IRONS, RONDA THOMPSON, KELLY SCHREIBER, et al.<br><br>Plaintiffs<br><br>vs.<br><br>C & D TECHNOLOGIES, INC.,<br><br>Defendant | FLSA COLLECTIVE ACTION COMPLAINT UNDER 29 USC § 216(b)<br><br>CASE NO. 1:11-cv-1431 JMS-DKL |

**BRIEF IN SUPPORT OF DEFENDANT'S**
**MOTION TO CONSIDER SUPPLEMENTAL AUTHORITY**

**I.   Introduction**

Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, Defendant, C&D Technologies, Inc. ("C&D"), by counsel, respectfully requests that the Court reevaluate its ruling in Section III(A)(2) of its October 3, 2012 Order (Docket No. 116) ("Prior Order") in light of the U.S. Supreme Court's decision in Sandifer v. U.S. Steel Corp., No. 12-417 (Jan. 27, 2014).

C&D and the Union agreed that, regardless of how much time employees spend donning safety clothing and performing Beginning Boundary Activities, they will be paid for five minutes for that time. C&D and the Union also agreed that, regardless of how much time employees spend performing Ending Boundary Activities, doffing safety clothing, and showering, they will be paid for ten minutes for that time.

In Section III(A)(2) of the Court's Prior Order, the Court held Section 203(o) does not allow C&D and the Union to bargain about compensation for Beginning Boundary Activities and Ending Boundary Activities because Section 203(o) refers to only "changing clothes or

dms.us.53568460.01

washing," whereas the Beginning Boundary Activities and Ending Boundary Activities consist of activities besides changing clothes and washing, such as donning and doffing safety gear.

In Sandifer, the employer and the union agreed, under Section 203(o), to preclude compensation for time spent donning and doffing safety clothing and safety gear. Although Section 203(o) does not expressly refer to safety gear, the Supreme Court held that, if the majority of the time is spent donning and doffing clothing and washing, then the employer and the union may agree under Section 203(o) that the entire time is noncompensable, even if some of the time is spent performing activities not referenced in Section 203(o), such as donning and doffing safety gear. The facts in Sandifer are analogous to the facts in this case.

In Section III(A)(2) of the Court's Prior Order, the Court also held that, because C&D and the Union agreed to partially compensate for time spent donning safety clothing, doffing safety clothing, and showering, donning safety clothing is the first principal activity of the day, and doffing safety clothing and showering are the last principal activity of the day. Therefore, the Court held C&D and the Union could not agree to preclude compensation for Beginning Boundary Activities and Ending Boundary Activities because they took place inside the first and last principal activities of the day, whereas Section 254 allows employers and unions to agree to preclude compensation only for activities taking place outside the first and last principal activities of the day.

In Sandifer, the Supreme Court held that, in passing Section 203(o), Congress did not mean to convert federal judges into time study professionals, but instead, Congress meant to leave the issue of compensation to the process of collective bargaining, thus allowing Courts to dispense with the intricate exercise of determining whether particular minutes are or are not compensable.

2

In light of Sandifer, C&D respectfully requests that the Court reassess its ruling in Section III(A)(2) of its Prior Order and hold that the agreement between C&D and the Union as to the compensability of time spent donning safety clothing, performing Beginning Boundary Activities and Ending Boundary Activities, doffing safety clothing, and showering, is lawful.

## II.   The *Sandifer* Decision

In Sandifer, the question before the Supreme Court was the meaning of "changing clothes" in Section 203(o). The plaintiffs were employees of steelmaking facilities who wore 12 kinds of protective gear: a flame-retardant jacket, pair of pants, and hood; a hardhat; a snood; wristlets; work gloves; leggings; metatarsal boots; safety glasses; earplugs; and a respirator. They sought payment for the time spent donning and doffing those objects. The district court granted summary judgment to U.S. Steel, holding that donning and doffing the protective gear constituted "changing clothes" under Section 203(o). The Seventh Circuit affirmed, and plaintiffs appealed to the Supreme Court.

The plaintiffs argued donning and doffing of protective gear does not qualify as "changing clothes." The Supreme Court held "clothes" does not omit protective clothing. The Supreme Court noted that although the exemptions to the federal Fair Labor Standards Act ("FLSA") are narrowly construed, the exemptions generally reside in Section 213, whereas Section 203(o) is not an exemption but appears in Section 203, entitled "Definitions." Thus, the narrow construction principle is inapplicable to Section 203(o).

The Supreme Court held the first nine items clearly fit within the interpretation of "clothes." The last three items, in contrast, are not "clothes." The question is whether the time devoted to donning and doffing the last three items must be deducted from the noncompensable time. If so, Judges must be assigned the task of separating the clothes-changing and washing

from the minutes devoted to other activities during the period in question. The Supreme Court stated:

> [I]t is most unlikely Congress meant §203(o) to convert federal judges into time-study professionals. That is especially so since the consequence of dispensing with the intricate exercise of separating the minutes spent clothes-changing and washing from the minutes devoted to other activities is not to prevent compensation for the uncovered segments, but merely to leave the issue of compensation to the process of collective bargaining. We think it is possible to give the text of §203(o) a meaning that avoids such relatively inconsequential judicial involvement in "a morass of difficult, fact-specific determinations" . . . . Section 203(o) . . . is addressed not to certain "activities," but to "time spent" on certain activities, viz., "changing clothes or washing." Just as one can speak of "spending the day skiing" even when less-than-negligible portions of the day are spent having lunch or drinking hot toddies, so also one can speak of "time spent changing clothes and washing" when the vast preponderance of the period in question is devoted to those activities. To be sure, such an imprecise and colloquial usage will not ordinarily be attributed to a statutory text, but for the reasons we have discussed we think that appropriate here. The question for courts is whether the period at issue can, *on the whole*, be fairly characterized as "time spent in changing clothes or washing." If an employee devotes the vast majority of the time in question to putting on and off equipment or other non-clothes items (perhaps a diver's suit and tank) the entire period would not qualify as "time spent in changing clothes" under §203(o), even if some clothes items were donned and doffed as well. But if the vast majority of the time is spent in donning and doffing "clothes" as we have defined that term, the entire period qualifies, and the time spent putting on and off other items need not be subtracted.

Sandifer, No. 12-417, pages 14-15 (emphasis original). Because the time spent donning and doffing safety glasses and earplugs was minimal, the Supreme Court held the employer and the union could reach agreement under Section 203(o) regarding their compensability, and affirmed in the employer's favor.

4

### III. Argument

#### A. The Beginning Boundary Activities And Ending Boundary Activities Are Noncompensable Under Section 203(o)

C&D and the Union agreed that, regardless of how much time employees spend donning safety clothing, performing Beginning Boundary Activities and Ending Boundary Activities, doffing safety clothing, and showering, they will be paid for 15 minutes for that time.

In Section III(A)(2) of the Court's Prior Order, the Court held Section 203(o) does not allow C&D and the Union to bargain about compensation for Beginning Boundary Activities and Ending Boundary Activities because Section 203(o) refers to only "changing clothes or washing," whereas the Beginning Boundary Activities and Ending Boundary Activities consist of activities besides changing clothes and washing, such as donning and doffing safety gear.

In Sandifer, the employer and the union agreed, under Section 203(o), to preclude compensation for time spent donning and doffing safety clothing and safety gear. Although Section 203(o) does not expressly refer to safety gear, the Supreme Court held that, if the majority of the time is spent donning and doffing clothing and washing, then the employer and the union may agree under Section 203(o) that the entire time is noncompensable, even if some of the time is spent performing activities not referenced in Section 203(o), such as donning and doffing safety gear.

Similarly, the majority of the time at issue here is spent in showering and changing in and out of clothes. Plaintiffs now concede and estimate that the amount of time it does take to shower and change is approximately fifteen minutes a day. *See* Plaintiffs' Brief in Support of Second Motion for Partial Summary Judgment, Material Facts Not In Dispute No. 14 (Docket No. 261, page 8); Deposition of Ted Deckard, Jr. ("Deckard Dep.") (Docket No. 262-5) 11:14-

5

18; 16:4-17:10.[1] If you add to that the time estimates for the activities not otherwise covered under 203(o) you are still left with the vast majority of time being spent in 203(o) activities. Using C&D's expert's estimate an average of 18.43 minutes a day was spent in total of which the non 203(o) boundary activity amounts to only 19% of the time. Using Plaintiffs' estimate of 23.343 total minutes of which 8.343 was spent in non 203(o) activities, only 36% of the time was spent on non-203(o) boundary activities. . See Radwin Dep. Ex. 41 at 3-4, 7-8 (Docket No. 262-12); Winchester Dep. Ex. 11 (Docket No. 262-9); Plaintiffs' Brief in Support of Second Motion for Partial Summary Judgment, Material Facts Not In Dispute No. 14 (Docket No. 261, page 8); Deckard Dep. 11:14-18; 16:4-17:10 (Docket No. 262-5). Thus, in accordance with 254(b)(c) and (d), 203(o) and Sandifer, C&D and the Union lawfully reached agreement, , regarding the compensability of all the time in question by capping it at 15 minutes total per day.

The Sandifer decision's broad interpretation of Section 203(o) is consistent with the fact that Section 203(o) is located in the Definitions section of the FLSA and is not an exemption to the FLSA. Likewise, 254 is not located in the exemptions portion of the FLSA and should similarly not be subjected to a narrow reading. The Sandifer decision's broad interpretation of Section 203(o) is also consistent with Congress' intent to leave the issue of compensability to the process of collective bargaining instead of converting Judges into time study professionals who

---

[1] Fifteen minutes per day is the minimum estimate according to Plaintiffs. See Plaintiffs' First Amended Class Action and Collective Action Complaint for Damages, Paragraph 15 (Docket No. 24) (alleging that all activities taking place outside the scheduled shift, which include, but are not limited to, showering and changing in and out of clothes, take a total of 30 minutes); Declaration of Joshua D. Jones, Paragraphs 11 and 13 (Docket No. 35-3) (stating that, at the beginning of the shift, it took 10 minutes to walk from the yellow time card punch to the locker room and change clothes and, at the end of the shift, it took 15-20 minutes to shower, change, and walk to the yellow time card punch); Deposition of Richie Winchester (Docket No. 262-9) 31:11-24 (stating it took 10-12 minutes to change clothes at the beginning of the day and took 10-12 minutes to shower and change clothes at the end of the day); Deposition of Joshua Abernathy 10:11-14; 13:4-7 (stating it took 15-20 minutes to change clothes at the beginning of the day and took 20-25 minutes to shower and change and the end of the day).

6

must perform the intricate exercise of separating the minutes spent clothes changing and washing from the minutes devoted to other activities. *See* Sandifer, No. 12-417, page 14.

Accordingly, in light of Sandifer, C&D respectfully requests that the Court reevaluate its ruling in Section III(A)(2) of its Prior Order.

**B. The Beginning Boundary Activities And Ending Boundary Activities Are Noncompensable Under Section 254**

In passing Sections 254 and 203(o), Congress granted employers and unions the power to agree when the workday begins and ends, thus allowing Courts to dispense with the intricate exercise of determining when the continuous workday begins and ends or what the first and last principal activity of the workday are. *See* 29 U.S.C. 254; 203(o); 93 Cong. Rec. 2179 (1947) (colloquy between Sens. Donnell and Hawkes); 95 Cong. Rec. 11210 (1949) (statement of Rep. Harter); Sandifer, No. 12-417, page 14. Congress did not mean for Section 203(o) to convert Judges into time-study professionals, but instead, Congress meant to leave the issue of compensation to the process of collective bargaining. *See* Sandifer, No. 12-417, page 14.

Here, C&D and the Union agreed that the workday begins at the shift starting time and ends eight hours later. Within that eight-hour shift, a five minute time period is provided at the start for beginning boundary activities and getting to the work area and a ten minute time period at the end of the shift for getting from the work area and conducting further ending boundary activities. *See* Collective Bargaining Agreement, Art. 18(B) (Docket No. 78-1). The first principal work activity is whichever one of these boundary activities a particular employee happens to be doing at the start of the work shift, and the last principal work activity is whichever one of these boundary activities a particular employee happens to be doing at the end of a particular shift.

The Court's Prior Order, on the other hand, held that donning safety clothing is the first principal activity of the day, and doffing safety clothing and showering are the last principal activity of the day. In light of the Sandifer decision, C&D respectfully requests that the Court let stand the 50-year agreement between C&D and the union as to when the continuous workday begins and ends and what the first and last principal activity of the workday are.

The Sandifer decision is consistent with other legal authorities indicating activities such as the Beginning Boundary Activities and Ending Boundary Activities can be noncompensable under Section 254. *See* Dayton v. Ford Motor Co., 76 F.Supp. 178, 180 (E.D. Mich. 1948), aff'd sub nom., Fisch v. Gen. Motors Corp., 169 F.2d 266 (6th Cir. 1948) (the purpose of Section 254 was to limit employees' rights to classify "walking, washing, punching the clock, changing clothes, etc. as time worked for which they were entitled to receive overtime compensation"); 29 C.F.R. § 790.7(g) (identifying as Section 254 activities "checking in and out and waiting in line to do so . . . and waiting in line to receive pay checks").

The Sandifer decision is also consistent with Congress' intent in passing Sections 254 and 203(o), which was to expand bargaining rights. *See* 93 Cong. Rec. 2179 (1947) (colloquy between Sens. Donnell and Hawkes); 95 Cong. Rec. 11210 (1949) (statement of Rep. Harter). The Court's Prior Order, however, constricts bargaining rights by holding an employer and union cannot bargaining about walking, respirators, washing, and vacuuming if they have agreed that changing and showering are compensable or partially compensable.

The Sandifer decision is consistent with the National Labor Relations Act ("NLRA"). As explained on pages 8-10 of C&D's Sur-Reply (Docket No. 115) and pages 24-25 of C&D's Memorandum (Docket No. 263), the NLRA prohibits sequential bargaining. The Court's Prior Order, however, requires sequential bargaining because it holds an employer and union may

8

bargain about walking, washing, and vacuuming only after they have agreed that changing and showering will not be wholly or partially compensable.

Accordingly, in light of Sandifer, C&D respectfully requests that the Court reassess its ruling in Section III(A)(2) of its Prior Order.

## IV. Conclusion

Under Sandifer, if the majority of the time is spent donning and doffing clothing and washing, then the employer and the union may agree under Section 203(o) that the entire time is noncompensable, even if some of the time is spent performing activities not referenced in Section 203(o), such as donning and doffing safety gear. Similarly, here, the majority of the time in question (15 minutes) is spent donning and doffing clothing and showering, whereas a minority of time (3.43 or 8.343 minutes) is spent performing other activities, such as donning and doffing safety gear. Accordingly, C&D and the union lawfully reached agreement regarding the level of compensability of the entire time in question.

Congress did not mean for Section 203(o) to convert Judges into time-study professionals. Instead, Congress meant to leave the issue of compensation to the process of collective bargaining. In passing Sections 254 and 203(o), Congress granted employers and unions the power to agree when the workday begins and ends, thus allowing Courts to dispense with the intricate exercise of determining when the continuous workday begins and ends or what the first and last principal activity of the workday are. Here, C&D and the union have a 50-year agreement as to when the continuous workday begins and ends and what the first and last principal activity of the workday are.

In light of Sandifer, C&D respectfully requests that the Court reassess its ruling in Section III(A)(2) of its Prior Order and hold that the agreement between C&D and the Union as

9

to the compensability of time spent donning safety clothing, performing Beginning Boundary Activities and Ending Boundary Activities, doffing safety clothing, and showering, is lawful.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP


s/*Martha M. Lemert*
Martha M. Lemert (#20961-02)
111 E. Wayne Street, Suite 800
Fort Wayne, IN 46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
Email: martha.lemert@faegrebd.com

Tareen Zafrullah (#25892-49)
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Phone: (317) 237-0300
Fax: (317) 237-1000
E-mail: tareen.zafrullah@faegrebd.com

ATTORNEYS FOR DEFENDANT
C&D TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

>Robert Peter Kondras, Jr.
>Caitlin M. Miller
>Hunt Hassler & Lorenz LLP
>100 Cherry Street
>Terre Haute, IN  47807

s/*Martha M. Lemert*