UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA D. JONES, JOEY PYCKE, EDWARD PURCELL, CHARLES R. IRONS, RONDA THOMPSON, KELLY SCHREIBER, et al._____Plaintiffs____vs.____C & D TECHNOLOGIES, INC.,_____Defendant | ) ) ) ) **CLASS ACTION COMPLAINT** ) ) **FLSA COLLECTIVE ACTION** ) **COMPLAINT UNDER** ) **29 USC § 216(b)** ) ) CASE NO. 1:11-cv-1431 JMS-DKL ) ) ) ) |

## JOINT MOTION TO APPROVE SETTLEMENT OF COLLECTIVE ACTION AND STAY PROCEEDINGS

On May 5, 2014, the parties engaged in a settlement conference with Magistrate Judge Denise LaRue. They reached agreement on the terms of a settlement of this action and now respectfully move the Court to approve the settlement and stay the proceedings pending full payment of the amounts set forth in the settlement agreement. In support of this Joint Motion, the parties state as follows:

1. The class consists of 195 current and former employees at Defendant, C&D Technologies, Inc.'s ("C&D") Attica, Indiana, facility who have asserted claims under the federal Fair Labor Standards Act ("FLSA"). C&D denies any liability or wrongdoing.

2. On May 5, 2014, the parties engaged in a settlement conference with Magistrate Judge LaRue. They reached agreement on the terms of a settlement of this action. The parties are filing a copy of the settlement agreement contemporaneously with the filing of this Joint

Motion. The settlement agreement sets forth the amount C&D will pay to each Plaintiff and to Plaintiffs' counsel. Plaintiffs' counsel has power of attorney for all Plaintiffs and has signed the settlement agreement on behalf of all Plaintiffs. Representative Plaintiffs Josh Jones and Rick Winchester also have signed the settlement agreement. Under the settlement agreement, upon full payment of the amounts set forth in the settlement agreement, the parties will file a stipulation of dismissal of this action with prejudice.

3.  FLSA settlement agreements require approval by a Court or the U.S. Department of Labor. *See* 29 U.S.C. § 216; Walton v. United Consumers Club, Inc., 786 F.2d 303, 306 (7th Cir. 1986); Raymer v. Mollenhauer, 2011 WL 338825, *1 (N.D. Ind. 2011) (unreported); Burkholder v. City of Fort Wayne, 750 F.Supp.2d 990, 994 (N.D. Ind. 2010).

4.  Courts approve FLSA settlement agreements where the overall terms of the settlement are fair and reasonable. *See* Raymer, 2011 WL 338825, *1. To determine the fairness of a settlement under the FLSA, Courts consider whether the agreement reflects a reasonable compromise of disputed issues. *See* Burkholder, 750 F.Supp.2d at 994-95. Normally, a settlement is approved where it is the result of contentious arm's-length negotiations that were undertaken in good faith by counsel, and serious questions exist such that the value of an immediate recovery outweighs the possibility of further relief after protracted and expensive litigation. *See* Burkholder, 750 F.Supp.2d at 995.

5.  Here, the parties respectfully request that the Court approve the settlement because it is fair and reasonable. Over the past two years while this action has been pending, the parties have aggressively litigated the case. Through discovery, as well as the parties' access to sources of relevant information, the parties have been able to evaluate the strengths and weaknesses of their claims and defenses. The settlement reached as a result of a settlement

conference with Magistrate Judge LaRue reflects a compromise of the disputed issues and evaluations by both sides of the likelihood of success on the claims and defenses, and the costs, uncertainties, and inconveniences of trial and appeal.  The overall settlement agreement reflects a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which both parties were represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable.

6. For the reasons stated above, the parties respectfully request that the Court approve the settlement and stay the proceedings pending full payment of the amounts set forth in the settlement agreement.

Respectfully submitted,

| HUNT HASSLER & LORENZ LLP | FAEGRE BAKER DANIELS LLP |
|---|---|
| /s/Robert P. Kondras, Jr. | /s/Tareen Zafrullah |
| Robert P. Kondras, Jr. (#18038-84) | Martha M. Lemert (#20961-02) |
| Caitlin M. Miller (#28636-87) | FAEGRE BAKER DANIELS LLP |
| 100 Cherry Street | 111 E. Wayne Street, Suite 800 |
| Terre Haute, IN  47807 | Fort Wayne, IN  46802 |
| Phone:  (812) 232-9691 | Phone:  (260) 460-1736 |
| Fax:  (812) 234-2881 | Fax:     (260) 460-1700 |
| E-mail:  kondras@huntlawfirm.net | E-mail:  martha.lemert@faegrebd.com |
|             miller@huntlawfirm.net | |
| | Tareen Zafrullah (#25892-49) |
| ATTORNEYS FOR PLAINTIFFS | FAEGRE BAKER DANIELS LLP |
| | 300 North Meridian Street, Suite 2700 |
| | Indianapolis, IN 46204 |
| | Phone:  (317) 237-0300 |
| | Fax:     (317) 237-1000 |
| | E-mail:  tareen.zafrullah@faegrebd.com |
| | |
| | ATTORNEYS FOR DEFENDANT, |
| | C & D TECHNOLOGIES, INC. |